UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK W. FISHER, JR.,    :  CIVIL NO: **4:CV-04-1945**
      Plaintiff    :
                      :  (Judge McClure)
   v.             :
                      :  (Magistrate Judge Smyser)
JANAN LOOMIS, *et al,*       :
                      :
      Defendants   :

**REPORT AND RECOMMENDATION**

On September 1, 2004, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.  On December 15, 2004, the plaintiff filed an amended complaint.

By an Order dated March 25, 2005, the Clerk of Court was directed to serve the plaintiff's amended complaint on the defendants in accordance with Fed.R.Civ.P. 4 and the defendants were requested to waive service pursuant to Rule 4(d).  The United States Marshal sent the Notice of Lawsuit and Request for Waiver of Service of Summons forms to the defendants on March 30, 2005. *See Doc. 27.*

The plaintiff has filed three motions seeking the entry of default and default judgment against the defendants based on the defendants' failure to answer the amended complaint. *See Docs. 26, 29 & 34.*

42 U.S.C. §1997e(g) provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

Pursuant to 42 U.S.C. §1997e(g)(1) the defendants may waive their right to respond to the complaint. Thus, default and default judgment should not be entered against the defendants. Moreover, the defendants have responded to the amended complaint by filing motions to dismiss the amended complaint. Accordingly, it will be recommended that the plaintiff's motions for default and default judgment be denied.

2

We note that in addition to requesting default and default judgment the plaintiff requests that the motion to dismiss filed by the corrections defendants be stricken based on Fed.R.Civ.P. 11(a) because that motion does not contain an original signature of the defendants' attorney.  The corrections defendants' counsel signed the motion to dismiss electronically in accordance with Local Rule 5.6 and § 11 of the court's Electronic Case Filing Policies and Procedures. Accordingly, there is no basis to strike the motion to dismiss.

The plaintiff also contends that counsel for the corrections defendants should be disqualified because there is no record that she is admitted to practice in the Middle District of Pennsylvania.  We checked the role of attorneys kept by the Clerk of Court, and defense counsel is admitted to practice before this court.  She was generally admitted on May 13, 2005.  Thus, there is no basis to disqualify her from this case.

Based on the foregoing, it is recommended that the plaintiff's motions (docs. 26, 29 & 34) for default and

3

default judgment be denied and that the case be remanded to the undersigned for further proceedings.

*/s/ J. AndrewSmyser*
J. Andrew Smyser
Magistrate Judge

DATED: July 1, 2005.