IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK W. FISHER JR., | : | 4:CV-04-1945 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JANAN LOOMIS, PHYSICIAN HEALTH CARE CORP., DONALD FISK, MILTON FRIEDMAN, DONALD JONES, PAUL DELROSSO, CARL PAUCI, JOSEPH NISH, RAYMOND COLLERAN, EDWARD BURKE | : | |
| | : | |
| Defendants | : | |

**O R D E R**

December 12, 2005

**BACKGROUND:**

On September 1, 2004, the plaintiff, Frederick W. Fisher Jr., a state prisoner at SCI-Waymart, proceeding pro se, commenced this action by filing a complaint under 42 U.S.C. § 1983. On or about December 16, 2004, plaintiff filed an amended complaint.

The matter was initially referred to United States Magistrate Judge J. Andrew Smyser.

Fisher's complaint asserts a cause of action under 42 U.S.C. § 1983. Plaintiff recites that defendants violated his rights protected by the First, Fifth, Eighth, and Fourteenth Amendments of the Untied States Constitution. Plaintiff alleges that on September 9, 2002, the defendants conspired to put plaintiff in the prison's solitary confinement for 180 days to retaliate against him for filing lawsuits. Plaintiff alleges that his solitary confinement was a result of his threats to sue the prison and that it was imposed on him to discourage legal action by prisoners.[1] Plaintiff asserts that as a result of defendants' alleged conspiracy he was denied due process during the administrative proceedings. Finally, plaintiff asserts that as a result of being placed in solitary confinement he suffered a variety of physical and emotional ailments including extreme emotional distress, lost the use of his left arm, loss of his vision, that the confinement precipitated a September 30, 2002 heart attack, and that the defendants conspired to end his life.

On May 27, 2005, defendants Colleran, Jones, Nish, Burke, DelRosso, Puci, Fisk and Friedman filed a motion to dismiss. On June 21, 2005, defendants

---

[1] Fisher also seeks damages because he lost a then-pending civil rights case. Fisher v. McDonald, No. 98-000282 (M.D. Pa.). He asserts that he was denied access to the courts and that his legal materials were taken from him and many of those documents were destroyed. See Fisher v. McDonald, No. 03-3710, slip op. at 6 (3d Cir. April 23, 2004) (noting Fisher could bring these claims in a district court).

Physician Health Care Corp. and Loomis filed a motion to dismiss. On September 26, 2005, plaintiff filed a brief opposing both motions and defendants filed reply briefs shortly thereafter.

On November 4, 2005, the magistrate judge issued a seventeen-page report recommending that the plaintiff's amended complaint be dismissed and the case be closed.

On November 17, 2005, we granted plaintiff an extension of time to file objections to Magistrate Judge Smyser's report and recommendation. We provided plaintiff until December 8, 2005 to file objections and at that time noted that we would defer consideration of plaintiff's other outstanding motions until after we acted upon the report and recommendation. On or about December 5, 2005, plaintiff filed a document which we will construe as his objections to the report and recommendation.[2]

**DISCUSSION:**

### I.  RELEVANT LEGAL STANDARD

A district court reviews de novo those portions of a magistrate judge's

---

[2] In that document, Fisher requests that we transfer the case to another judge, but does not address the magistrate judge's report and recommendation.

report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. FISHER'S CLAIMS WILL BE DISMISSED

Plaintiff has not filed objections to the arguments raised in the magistrate judge's report and recommendation. After reviewing the record we agree with the magistrate judge that the defendants' motions to dismiss should be granted and the plaintiff's amended complaint dismissed.

First, we agree with the magistrate judge that placement in disciplinary custody for 180 days is not, standing alone, an atypical or significant hardship that would create a liberty interest protected by the Due Process Clause. See Sandin v. Conner, 515 U.S. 472, 484 (1995). The learned magistrate judge noted several cases in which prisoners were held in longer terms of custody and the Third Circuit found that they were not exposed to an atypical or significant hardship in relation to the ordinary incidents of prison life. Likewise, we agree with the magistrate judge that because plaintiff was not facing the loss of a constitutionally protected liberty interest at his hearing, even if he was not afforded perfect due process it was of no constitutional significance. We also agree that we are unaware of a federally protected right on the part of a state prisoner to be cited only by certain

classifications of prison personnel.

Second, the magistrate judge correctly addressed plaintiff's First Amendment claim. Plaintiff has admitted that he used profanities in addressing prison personnel. We agree with the magistrate judge that the prison personnel were within their powers by punishing Fisher for swearing, even if his profanity was addressing his intent to use the legal process.

Third, we agree with the magistrate judge that plaintiff's conspiracy claim is broad and conclusory. The claim does not warrant relief for the reasons stated in the magistrate judge's report and recommendation.

Finally, we agree that there is not an allegation in the complaint that supports an inference that any defendant was personally deliberately indifferent to a serious medical need of Fisher. Fisher's amended complaint only conclusorily asserts that defendant Loomis is the cause of his disability.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge J. Andrew Smyser's Report and Recommendation is adopted in full. (Rec. Doc. No. 93.)

2. The defendants' motions to dismiss are granted. (Rec. Doc. Nos. 33 & 44.)

      3.      Plaintiff's amended complaint (Rec. Doc. No. 12) is dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

      4.      Fisher's outstanding motions are denied as moot. (Rec. Doc. Nos. 81, 84, 91, 94.)

      5.      The Clerk is directed to close the case file.

                                                                              s/ James F. McClure, Jr.  
                                                                  James F. McClure, Jr.  
                                                                  United States District Judge