IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK W. FISHER JR., | : | 4:CV-04-1945 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JANAN LOOMIS, PHYSICIAN | : | |
| HEALTH CARE CORP., DONALD | : | |
| FISK, MILTON FRIEDMAN, | : | |
| DONALD JONES, PAUL | : | |
| DELROSSO, CARL PAUCI, | : | |
| JOSEPH NISH, RAYMOND | : | |
| COLLERAN, EDWARD BURKE | : | |
| | : | |
| Defendants | : | |

**O R D E R**

December 20, 2005

**BACKGROUND:**

On September 1, 2004, the plaintiff, Frederick W. Fisher Jr., a state prisoner at SCI-Waymart, proceeding pro se, commenced this action by filing a complaint under 42 U.S.C. § 1983.  On or about December 16, 2004, plaintiff filed an amended complaint.

On December 12, 2005, we adopted United States Magistrate Judge Smyser's report and recommendation and granted the defendants' motions to

1

dismiss, denied Fisher's outstanding motions as moot, and closed the case.  At the time we issued that order we construed a document Fisher filed on December 5, 2005 as his objections to the magistrate judge's report and recommendation.[1]  By order dated November 17, 2005, we granted Fisher until December 8, 2005 to file objections to the report and recommendation.

Now before the court is a document captioned "MOTION TO OPPOSE AN OBJECTING TO THE REPORT AND RECOMMENDATION FASHIONED BY THE ASSIGNED MAGISTRATE J. SMYSER" and filed on December 15, 2005.  (Rec. Doc. No. 104.).  Fisher signed and dated the document December 8, 2005, the final day he could object to the magistrate's report and recommendation. For the following reasons we will reopen the case to address Fisher's filing and once again close the matter.

**DISCUSSION:**

As a pro se prisoner, Fisher is entitled to the prisoner mailbox rule which means a document is deemed filed when it is deposited in the prison mailroom.

---

[1]We noted that in that document Fisher had requested the case be transferred to another judge and did not formally object to the Magistrate Judge's report and recommendation.  (Order, Rec. Doc. No. 103, at 3 n.2.)

See Houston v. Lack, 487 U.S. 266, 270-71 (1988); United States v. Fiorelli, 337 F.3d 282, 289 (3d Cir. 2003) (quoting In re Flanagan, 999 F.2d 753, 759 (3d Cir. 1993)) ("[T]he prison mailroom is essentially 'an adjunct of the clerk's office,' and a jurisdictionally sensitive document is deemed filed on deposit."); see also Burns v. Morton,134 F.3d 109, 113 (3d Cir. 1998) (holding pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).  Thus, Fisher's filing is deemed filed on December 8, 2005, and within the deadlines of our November 17, 2005 order.  Therefore we will reopen our December 12, 2005 order and consider Fisher's most recent filing.

As we noted in our December 12, 2005 order a district court reviews de novo those portions of a magistrate report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

In our December 12, 2005 order we already reviewed the magistrate judge's findings as to several issues in Fisher's case.  Having received Fisher's objections we only feel one issue warrants discussion.  In his most recent filing Fisher disputes that he swore at Loomis, but he admits that he used profanity which was overheard by Loomis.  The sentence in our prior order that stated "Plaintiff has admitted that he used profanities in addressing prison personnel," should be replaced with the

sentence "Plaintiff has admitted that he used profanities which were overheard by prison personnel."  Regardless, Fisher swore and could be punished for using profanities.  We find that nothing else in Fisher's objections, which ramble and are difficult to comprehend, warrants discussion in light of the review we already afforded his case in issuing our prior order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The clerk is directed to reopen the case, vacate our order of December 12, 2005 (Rec. Doc. No. 103), and docket this order.

2.  Having considered Fisher's objections we again adopt the magistrate judge's report and recommendation for the reasons set forth in the magistrate's report and our vacated December 12, 2005 order, except for the single sentence regarding Fisher's use of profanity which we have replaced with: "Plaintiff has admitted that he used profanities which were overheard by prison personnel."

3.  The defendants' motions to dismiss are granted.  (Rec. Doc. Nos. 33 & 44).

4.  Plaintiff's amended complaint (Rec. Doc. No. 12) is dismissed for failure to state a claim upon which relief can be granted.  Fed. R. civ. P. 12(b)(6).

5.  Fisher's outstanding motions are denied as moot.  (Rec. Doc. Nos. 81,

84, 91, 94).

      6.  Fisher's motion for "Rehearing of [our] December 12, 2005 order" is

denied as moot.  (Rec. Doc. No. 105.)

      7.  The clerk is directed to close the case file.

   s/ James F. McClure, Jr.     
James F. McClure, Jr.
United States District Judge
